APPEAL OF THOMAS PUBLISHING CO.

Docket No. 3215.   Submitted October 5, 1925.   Decided February 11, 1926.

> 1. In the absence of competent evidence of the value of assets transferred to a corporation in exchange for its stock, the Commissioner's determination of value will not be disturbed.
> 2. Deduction of an alleged worthless debt disallowed.

*Daniel F. Kelly, C. P. A.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

This is an appeal from the determination of a deficiency in income and profits taxes for the years 1919 and 1920 in the amount of $3,273.39. The deficiency arises from the reduction of invested capital and the refusal to allow as a deduction an alleged bad debt.

FINDINGS OF FACT.

The taxpayer is a New York corporation and was organized in 1898 to publish trade-reference books. The entire capital stock of $25,000 was issued in exchange for five trade directories, in the form of set-up type ready for printing. The directories had been prepared by H. Ward Thomas and his assistants over a period of approximately five years prior thereto.

In computing its invested capital for the year 1919, the taxpayer included therein the entire amount of the $25,000, as representing the fair market value of the assets received in exchange for the stock. This amount was reduced by the Commissioner to $4,200.

The Thomas Directory Co. was organized in 1910 to publish certain trade directories. Three directories were transferred to it by the taxpayer in exchange for $10,000 in stock and $15,000 in notes. Since December 31, 1917, the taxpayer and the Directory Co. have been affiliated and have filed consolidated returns.

The Directory Co. continued in business until 1917, when its liquidation was commenced, and it was finally liquidated in 1920, at which time it was indebted to the taxpayer in the amount of $5,544.96. This amount was deducted by the taxpayer as a worthless debt in its return for 1920.

DECISION.

The determination of the Commissioner is approved.

OPINION.

MARQUETTE: The facts present two questions for decision: (1) The value of the assets transferred to the taxpayer at its incorporation in exchange for stock; and (2) the deductibility of a debt alleged to have been ascertained to be worthless in 1920.

With respect to the first question, we are of opinion that the evidence of value is insufficient to warrant us in disturbing the Commissioner's valuation. The only witness for the taxpayer testified that he had devoted about five years to the preparation of the data contained in the directories, and that he valued his time at from $2,500 to $3,000 a year; that he considered the assets transferred had a cash value of $25,000. The amount of time and labor expended in the production of an article has little, if any, evidentiary value in determining the value of the article produced, in the absence of other evidence showing it had a value.

The taxpayer's second contention is that it should be permitted to deduct the amount of $5,544.96 as a debt ascertained to be worthless in 1920. It appears that the taxpayer and the Directory Co. were affiliated and filed consolidated returns. The deduction was disallowed because it was an intercompany transaction. The taxpayer contends that the debt was created in part prior to the time consolidated returns were required from affiliated corporations, and that such part at least should be allowed. Assuming that its pre-

104881—27——47

mise is correct, there is nothing in the record to show what part of the debt, if any, was so created, and we must therefore disallow the deduction on the Commissioner's determination that the transaction was an intercompany transaction.